# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMARCH MANUFACTURING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AT LARGE NUTRITION, LLC; CHRIS MASON, <br><br> Defendants. <br> _____ <br> AT LARGE NUTRITION, LLC, <br><br> Counter-Claimant, <br><br> vs. <br><br> PRIMARCH MANUFACTURING, INC., <br><br> Counter-Defendant. | CASE NO. 13CV3106 JM(KSC) <br><br> ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING LEAVE TO AMEND |

Defendant Chris Mason ("Mason") moves to dismiss the complaint of Plaintiff Primarch Manufacturing, Inc. ("Primarch") for lack of personal jurisdiction. Primarch opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss for lack of personal jurisdiction and grants Plaintiff 10 days leave

to amend from the date of entry of this order.

## BACKGROUND

On November 12, 2013, Primarch, incorporated in the State of California, commenced this action by filing a "form complaint" in the Superior Court of California, County of San Diego. (Ct. Dkt. 1). Primarch's complaint arises from the sale of dietary supplements to At Large Nutrition, LLC ("At Large"). At Large, a Virginia Limited Liability Company, is solely managed by Mason, also a resident of the State of Virginia. (Mason Decl. ¶¶2, 3). The complaint alleges two causes of action for breach of contract and a common count "for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff." (Compl. at p.4). On December 19, 2013, Defendants removed the action to this court based upon diversity jurisdiction.

The complaint alleges that Defendants placed seven e-mail purchase orders between February 27, 2013, and September 6, 2013. Defendants took delivery of the goods but allegedly have refused to pay Plaintiff. Plaintiff seeks to recover $110,467.81 in damages. (Compl. at p. 3).[1]

On December 26, 2013, Defendant At Large filed an answer to the complaint and a counterclaim. The counterclaim asserts four claims for (1) breach of contract, (2) breach of express warranty, (3) negligent misrepresentation, and (4) intentional misrepresentation. (Ct. Dkt. 3). In broad brush, At Large alleges that the parties entered into a part oral and part written contract for the purchase of nutritional supplements. (Counterclaim "CC" ¶13). Primarch allegedly promised to ship the products within four weeks following the placement of a purchase order. At Large further alleges that Primarch breached the agreement by failing to provide the product in a timely fashion. (CC ¶15).

In support of his motion to dismiss for lack of personal jurisdiction, Mason

---

[1] Attached to the complaint are several e-mails from At large, authored by Mason, and several purchase orders indicating that At Large purchased dietary supplements from Primarch. (Compl. Exh. A).

submits a declaration wherein he declares that he is the managing member of At Large, possesses no property or business interests in California, and that all payments to Plaintiff originated from At Large. (Mason Decl. ¶¶1, 2). He also declares that he has never done business under the fictitious business name of At Large and that his "sole involvement" with the business dealings between At Large and Primarch "was as the representative of At Large." (Id. ¶4). Primarch opposes the motion to dismiss for lack of personal jurisdiction.

## DISCUSSION

The primary issue raised by Mason is whether his contacts with the State of California, in his capacity as the managing and sole employee of a foreign corporation, are sufficient to establish personal jurisdiction such that it comports with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

**Personal Jurisdiction**

Pursuant to Rule 12(b)(2), a court may dismiss a suit for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). The court may "exercise personal jurisdiction over a non-resident if jurisdiction is proper under California's long-arm statute and if that exercise accords with federal constitutional due process principles." Fireman's Fund Ins. Co. v. National Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir. 1996). As the Ninth Circuit has explained:

> California's long-arm statute authorizes the court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the California or federal Constitution. Cal.Code Civ. Proc. § 410.10. The statutory and constitutional requirements therefore merge into a single due process test.

Id. at 893. "Due process requires only that . . . [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe, 326 U.S. at 316. Where the court does not conduct an evidentiary hearing, a plaintiff need only

establish a prima facie case of personal jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

On a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of establishing contacts by the non-resident defendant sufficient to establish personal jurisdiction. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (9th Cir. 1989).

> [O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.

Id. If the matter proceeds to trial, plaintiff must prove the jurisdictional facts by a preponderance of the evidence. Id.

There are two types of personal jurisdiction: general and specific. "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299 (9th Cir.1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related acts gave rise to the action before the court. Id.

The Ninth Circuit applies a three-part test to determine whether specific personal jurisdiction comports with due process: "(1) the defendant must have done some act purposely to avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." Sedgwick, 796 F.2d at 302; Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Where the defendant presents "a compelling case that jurisdiction would be unreasonable," there is no need to address the first two prongs of the test. Id. at 302. On the other hand, "[o]nce purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would, in fact, be unreasonable." Roth

v. Garcia Marquez, 942 F.2d 617, 621-22 (9th Cir. 1991). The purposeful availment prong prevents defendants from being haled into a jurisdiction through "random," "fortuitous," or "attenuated" contacts. Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (9th Cir. 1995). If the plaintiff satisfies both of the first two prongs, the burden shifts to the defendant to establish that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 475, 476-78 (1985).

The court considers the following factors to determine the reasonableness of the district court's exercise of personal jurisdiction:

(1) the extent of defendant's purposeful interjection into the forum state's affairs;

(2) the burden on defendant of defending in the forum;

(3) the extent of conflict with the sovereign of the defendant's state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to plaintiff's interest in convenient and effective relief; and

(7) the existence of an alternative forum.

See Terracom, 49 F.3d at 561. The court balances all factors, recognizing that none of the factors is dispositive in itself. Id.

**Personal Jurisdiction Over Corporate Agents**

It is well established that jurisdiction over a limited liability company like At Large in the forum does not automatically confer jurisdiction over that entity's employees. If, for example, a company in State A markets a defective product in State B and the product ends up injuring a resident in State B , that is usually enough to confer personal jurisdiction over the company in State B in any ensuing product liability suit. But under the no-imputed-contacts rule, State B's jurisdiction over the company does not necessarily give State B jurisdiction over the State A company's employees. Employees' "contacts with [the forum state] are not to be judged according to their employer's activities there." Calder v. Jones, 465 U.S. 783, 790 (1984).

In Calder, a California plaintiff brought a libel suit in California against two National Enquirer employees residing in Florida. The defendants attempted to defeat personal jurisdiction by arguing that they were not responsible for circulating the offending article in California: "ordinary employees [cannot] control their employer's marketing activity." Id. at 789. The Supreme Court rejected this argument:

> [Defendants'] intentional, and allegedly tortious, actions were expressly aimed at California. [One defendant] wrote and [the other] edited an article that they knew would have a potentially devastating impact upon [the plaintiff]. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works....

Accordingly, Mason's contacts with California are not judged according to Primarch's activities in California.

The court notes that personal jurisdiction over corporate officers "ha[s] typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct ... or the 'central figure' in the challenged corporate activity." Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc., 880 F. Supp. 743 (C.D. Cal. 1995) (quoting Davis v. Metro Productions, Inc., 885 F.2d 515, 524 (9th Cir. 1989). The court notes that corporate officers and directors, acting in their official capacities, may not have those contacts "attributed to them as individual acts creating personal jurisdiction." Mihlon v. Superior Ct., 169 Cal. App. 3d 703, 713 (1985). However, applying the minimum contacts test, where corporate officers or employees engage in tortious conduct directed to a foreign forum and causing harm in that forum, their employment status does not insulate them from personal jurisdiction.[2]

**The Motion**

As Plaintiff asserts specific, but not general, jurisdiction over Mason, each

---

[2] The court declines to mechanistically apply the so-called fiduciary shield law. Rather, the court engages in the mandated minimum contacts analysis. One problem with the fiduciary shield law is that the Ninth Circuit has rejected the argument that, for purposes of personal jurisdiction, "'employees who act in their official capacity are somehow shielded from suit in their individual capacity.'" Davis v. Metro Prods., Inc., 885 F.2d 515, 521 (9th Cir. 1989). While employees are not automatically shielded from suit, personal jurisdiction still must be analyzed based on the contacts the individual has had with the forum state. See generally Burger King, 471 U.S. at 479.

element is discussed in turn.

<u>Purposeful Availment</u>

The Ninth Circuit has refined this prong to mean that the defendant has either (1) "purposefully availed" itself of the privilege of conducting activities in the forum, or (2) "purposefully directed" its activities toward the forum. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004). While the phrase "purposeful availment" is sometimes used so as to include both purposeful availment and purposeful direction, "availment and direction are, in fact, two distinct concepts." <u>Id.</u> Courts typically employ the "purposeful availment" prong in contract cases, and the "purposeful direction" analysis in tort cases. <u>Yahoo! Inc. v. La Lingue Contre Le Racisme et L'Antisemitisme</u>, 433 F.3d 1199, 1206 (9th Cir. 2006).

Here, as the complaint sounds exclusively in contract, and not in tort, Plaintiff must establish (by means of the complaint's allegations or evidentiary showing) that Mason purposefully availed himself of the privilege of doing business in California. Notably, the state court form complaint contains few, if any, pertinent allegations in support of the exercise of personal jurisdiction.

Mason declares that he does not reside nor possess any ownership interest in any property located in the state. Further, Mason declares that his "sole involvement in those [communications and transactions with Primarch] was as the representative of At Large," the purchased products were shipped to an At Large storage facility, all payments to Plaintiff were made by At Large, and he did not personally guarantee payments for any At Large transaction. (Mason Decl. ¶¶4, 5, 8, 9). The complaint's allegations, as well as the declaration of Mason, present a record of insufficient contacts to conclude that Mason purposefully availed himself of the privilege of conducting business in California.

In an attempt to show Mason's purposeful availment in California, the President of Primarch, Douglas Smith, declares that Mason "has been involved with other businesses in California [and sponsored] powerlifting meets in California which took

place in Sacramento during the year 2012," and traveled to California in relation to other business. (Smith Decl. ¶¶ 3, 4, 6). The court notes that this conduct identified by Smith bears on general, and not specific jurisdiction, because these forum-related contacts do not give rise to Primarch's claims.

Smith also declares that Mason was the only person he dealt with in the transactions with At Large and, while in California at some unidentified point in time, placed orders with Primarch on behalf of At Large, paid certain invoices with his personal credit card, shipped products to customers in California, and personally guaranteed payment of the invoices. Id. ¶7, 10, 11. The court concludes that the Smith declaration is insufficient to establish that Mason purposefully availed himself of the privilege of conducting business in California. These contacts are not sufficiently well-defined to determine whether these forum-related activities give rise to Primarch's claims.[3]

In sum, based upon the complaint's allegations and the parties' limited evidentiary submissions, the court concludes that Plaintiff makes a weak showing of purposeful availment.

### The Relatedness of the Claim and Contacts

The second prong to establish specific personal jurisdiction analyzes whether the claim arises from the defendant's forum-related activities. Sedgwick, 796 F.2d at 302. As a starting point, the court notes that the complaint is best characterized as one for breach of contract. Mason's contacts with California identified by the parties are largely unrelated to the contract claims. For example, Mason traveled to California to attend or sponsor a powerlifting event and Mason conducted other business in California. These events are unrelated to Plaintiff's claim.

The only contacts with California that may be related to Plaintiff's claim is a

---

[3] The court notes that the form complaint filed by Primarch does not identify any basis for the exercise of personal jurisdiction over Mason. For example, Primarch does not allege alter ego or any other theory that may subject Mason to personal jurisdiction in California.

statement by Smith wherein he states that Mason placed an order for product while in California and that he invited an employee of Primarch to meet with him while he was in California. The court notes that there is no evidence showing that the orders placed by Mason while in California form a basis for Primarch's claim or that the meeting with the unidentified Primarch employee is related to its claims.

In sum, the court concludes that Mason's contacts with California are attenuated and not sufficiently related to Primarch's claims. This factor does not favor the exercise of personal jurisdiction over Mason.

<u>Reasonableness of the Exercise of Personal Jurisdiction</u>

The touchstone for the exercise of personal jurisdiction over an out-of-state defendant is that it must be reasonable "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe</u>, 326 U.S. at 316. Here, to hale an employee into a foreign jurisdiction where the employee possesses insufficient minimum contacts with California would be unreasonable. While Smith declares that Mason placed orders for products while physically present in California, there is no indication that these orders form the basis for Primarch's claim.

In sum, the court finds, on the present record, that the exercise of personal jurisdiction over Mason would be unreasonable. The court therefore grants the motion to dismiss without prejudice.

**Leave to Amend**

As leave to amend is to be freely given, the court grants Primarch 10 days leave to amend from the date of entry of this order. <u>See</u> Fed. R. Civ. P. 15(a). Based upon the complaint's allegations and the parties' evidentiary submissions, the court cannot conclude that there are no circumstances under which personal jurisdiction over Mason would be reasonable. An amended complaint would permit Primarch to clarify the scope of its claims and the basis for the exercise of personal jurisdiction over Mason. <u>See</u>   <u>McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.</u>, 339 F.3d 1087,

1090 (9th Cir. 2003) (in the event of a jurisdictional defect, dismissal without leave to amend is proper only if it is clear that the complaint could not be saved by any amendment).

In sum, the court grants the motion to dismiss for lack of personal jurisdiction without prejudice and with 10 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED:  February 14, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties